UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

48TH AMERICAS LLC,

                                                                                      20 Civ. 3471

                        Plaintiffs,

  -against-                                       **FIRST AMENDED COMPLAINT**

THE GAP, INC.,                               **WITHOUT JURY DEMAND**

                        Defendant.

-------------------------------------------------------------------x

Plaintiff, 48TH AMERICAS LLC "Plaintiff"), by and through its attorneys, Klein Law Group, PLLC, as and for its First Amended Complaint against THE GAP, INC. ("Defendant"), alleges as follows:

## NATURE OF THE CLAIMS

1. In this action, Plaintiff seeks monetary damages against Defendant as a result of Defendant's failure to comply with the terms and conditions of the "Lease" (as such term is hereinafter defined), including, but not limited to, Defendant's failure to pay to Plaintiff the fixed monthly rent and additional rent due and owing under the "Lease." Plaintiff also seek monetary damages against Defendant in the form of attorneys' fees and expenses incurred in connection with the prosecution of this action.

2. Plaintiff is the owner and landlord of the building and real property located at and known as 1212 Avenue of the Americas, New York, New York 10036 (the "Building").

3. On or about February 25, 1991, 48th Americas Company (hereinafter "Company"), a predecessor-in-interest of Plaintiff, entered into a written commercial lease, dated as of February 25, 1991 (the "Initial Lease").

4. On or about June 7, 2001, Company transferred title to the Building to Plaintiff, by deed, dated June 7, 2001, and recorded on June 21, 2001.

5. Pursuant to the Lease Extension and Modification Agreement (the "First Amendment"), dated as of September 22, 2004, between Plaintiff and Defendant, the parties amended the Initial Lease, whereby, *inter alia,* the lease term was extended, and the base rent was adjusted.

6. Thereafter, pursuant to the Second Lease Extension and Modification Agreement, dated as of May 18, 2015, between Plaintiff and Defendant (the "Second Amendment"), the parties further amended and/or modified the Lease, *inter alia*, further extending the lease term and adjusting the base rent (the Agreement of Lease, the First Amendment, and the Second Amendment, shall collectively be referred to as the "Lease").

7. Pursuant to the terms of the Lease, Defendant was demised portions of the ground floor, basement, and entire second floor in the Building (collectively the "Premises").

8. Defendant breached the terms and conditions of the Lease by failing to pay the fixed rent and additional rent due under the Lease in the amount of Five Hundred and Thirty Thousand Three Hundred and Thirty-Four Dollars and Thirty-Nine Cents ($530,334.39).

## PARTIES

9. Plaintiff is a citizen of the State of New York. Plaintiff is a New York limited liability company, organized under the laws of the State of New York, and authorized to conduct business in the State of New York, maintaining its principal office at 565 Fifth Avenue, New York, New York 10017.

10. Upon information and belief, Defendant is a citizen of the States of Delaware and California. Defendant is a Delaware corporation, whose principal place of business and office is located at 2 Folsom Street, San Francisco, California 94105.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, as none of the Plaintiff's members are citizens of the State of Delaware or California.

12. Venue is appropriate in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE RELEVANT TERMS AND CONDITIONS OF THE LEASE

13. Pursuant to the terms of the Lease, in consideration for its possession and use of the Premises, Defendant covenanted and agreed to pay certain rent and additional rent to Company, and its successors and assigns, including Plaintiff, on the first day of each month, in the amounts specified in the Lease

14. Pursuant to the terms of the Lease, Defendant had an absolute and unconditional obligation to pay to Plaintiff the rent due and owing thereunder, without any offset, abatement or deduction whatsoever.

15. Article 1 of the Initial Lease provides: "Tenant shall pay the rent as above and as hereinafter provided."

16. Article 35(B)(3) of the Initial Lease provides: "The term 'rent' and 'rents' shall mean and include fixed rent and/or additional rent hereunder."

17. Article 35(B)(1) of the Initial Lease provides: "The term 'fixed rent' shall mean rent at the annual rental rate or rates provided for in Article 36 [of the Lease]."

18. Article 36(C) of the Initial Lease provides: "Tenant shall pay to Landlord, without notice or demand and without any abatement, deduction or setoff whatsoever, in lawful money of

the United State of America, by check at Landlord's office or such other place as Landlord may designate annual fixed rent . . . [.]"

19. Pursuant to the Second Amendment, Paragraph "SECOND," the annual fixed rent (for the relevant period at issue in this dispute/action) was $3,170,280.30 per year, or $264,190.03 per month.

20. Article 35(B)(2) of the Initial Lease provides: "The term 'additional rent' shall mean all sums of money, other than fixed rent, and which become due and payable from Tenant to Landlord hereunder, and Landlord shall have the same remedies therefor as for a default in payment of fixed rent."

**DEFENDANT'S FAILURE, IN BREACH OF THE LEASE, TO PAY THE RENT**

21. In breach of Defendant's obligations under Article 1 of the Initial Lease, and Paragraph "SECOND" of the Second Amendment, Defendant failed to pay Plaintiff the fixed monthly rent due and owing under the Lease for the months of April and May (less a credit in the amount of Forty-Three ($0.43) Cents), in the amount of Two Hundred and Sixty-Four Thousand One Hundred and Ninety Dollars and Three Cents ($264,190.03) per month, in addition to water charges, which constitute additional rent, in the amount of One Thousand One Hundred and Seventy-One Dollars and Thirty-Seven Cents ($1,171.37), and snow removal charges, which also constitute additional rent, in the amount of Seven Hundred and Eighty-Three Dollars and Thirty-Nine Cents ($783.39), totaling Five Hundred and Thirty Thousand Three Hundred and Thirty-Four Dollars and Thirty-Nine Cents ($530,334.39).

22. By reason of the foregoing, there is presently due to Plaintiff from Defendant the sum of at least Five Hundred and Thirty Thousand Three Hundred and Thirty-Four Dollars and Thirty-Nine Cents ($530,334.39), and other items of additional rent which may become due and payable under the Lease.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract/Money Damages)

23. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "22" above, with the same force and effect as if fully set forth below.

24. A valid contract, *i.e.*, the Lease, existed between Plaintiff and Defendant.

25. Plaintiff complied with its obligations under the terms of the Lease, and has performed any and all conditions on its part to be performed, as required by the Lease.

26. Defendant failed to comply with the terms and conditions of the Lease.

27. Specifically, in breach of Defendant's obligations under Article 1 of the Initial Lease and Paragraph "SECOND" of the Second Amendment, Defendant has defaulted under the Lease, by failing to pay to Plaintiff rent, in the amount of Five Hundred and Thirty Thousand Three Hundred and Thirty-Four Dollars and Thirty-Nine Cents ($530,334.39), which amount comprises fixed rent in the amount of Two Hundred and Sixty-Four Thousand One Hundred and Ninety Dollars and Three Cents ($264,190.03) per month, for the months of April and May 2020 (less a credit of Forty-Three ($0.43) Cents), plus water charges in the amount of One Thousand One Hundred and Seventy-One Dollars and Thirty-Seven Cents ($1,171.37), plus snow removal charges, in the amount of Seven Hundred and Eighty-Three Dollars and Thirty-Nine Cents ($783.39).

28. By reason of the foregoing, Defendant is liable to Plaintiff for money damages, in the sum of at least Five Hundred and Thirty Thousand Three Hundred and Thirty-Four Dollars and Thirty-Nine Cents ($530,334.39), through the date hereof, together with interest thereon from the date on which said payment obligation accrued, no part of which has been paid.

29. In addition, Plaintiff reserves the right to obtain a money judgment for damages for all rent due and owing under the Lease through and including the date of judgment.

## SECOND CLAIM FOR RELIEF
(Attorneys' Fees)

30. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "29" above, with the same force and effect as if fully set forth below.

31. Pursuant to Article 19 of the Lease, Defendant is liable to Plaintiff for all attorneys' fees and expenses incurred in connection with the prosecution of this action.

32. Article 19 of the Initial Lease provides, in relevant part:

> If Owner … in connection with any default by Tenant in the covenant to pay rent hereunder, makes any expenditures or incurs any obligation for the payment of money, including but not limited to reasonable attorneys' fees, in instituting, prosecuting or defending any actions or proceedings, such sums so paid, or obligations incurred, with interest and costs shall be deemed to be additional rent hereunder and shall be paid by Tenant to Owner within five (5) days of rendition of any bill or statement to Tenant thefor[*sic*.]

33. Plaintiff has commenced this action against Defendant in order to enforce its rights and remedies under the Lease, including, but not limited to, the right to receive and recover all rent and additional rent due and owing thereunder.

34. Plaintiff has incurred, and will continue to incur, expenses in the form of, *inter alia*, attorneys' fees and expenses, all as a result of the Defendant's default of its payment obligations pursuant to the Lease, the precise sum of which will be determined at trial or earlier conclusion of this action.

35. Defendant is liable for Plaintiff's expenses and legal fees under the terms of the Lease.

36. Accordingly, Plaintiff is entitled to judgment against Defendant for its attorneys' fees and expenses incurred in prosecuting this action, the precise sum of which will be

determined at trial or earlier conclusion of this action, but in an amount no less than Twenty Thousand ($20,000) Dollars.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court grant judgment against Defendant as follows:

(1) On The First Claim for Relief, granting Plaintiff a money judgment against Defendant, in the sum of Five Hundred and Thirty Thousand Three Hundred and Thirty-Four Dollars and Thirty-Nine Cents ($530,334.39), with interest, subject to Plaintiff's right to seek additional damages for Rent due and owing under the Lease through and including the date of judgment;

(2) On The Second Claim for Relief, granting Plaintiff a money judgment for attorneys' fees against Defendant, in the sum of at least Twenty Thousand ($20,000.00) Dollars, with interest; and

(3) That the Court grant Plaintiff such other, further and different relief to which it may be entitled.

Dated: New York, New York
       May 26, 2020

**KLEIN LAW GROUP CRE, PLLC**

By: /s/ Efrem Z. Fischer
Efrem Z. Fischer, Esq. (EZF-3860)
Attorneys for Plaintiff
275 Madison Avenue, 33rd Floor
New York, New York 10016
(212) 661-9400
Efrem@kleinlawgroupny.com

J:\Firm\LIT\Stawski Partners\The Gap\Complaint.Amended.doc