UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

48TH AMERICAS LLC,

                                                                                                         20 Civ. 3471

                    Plaintiffs,

   -against-                                                **REPLY TO COUNTERCLAIMS**

THE GAP, INC.,

                    Defendant.

------------------------------------------------------------------x

Plaintiff, 48TH AMERICAS LLC ("Plaintiff"), by and through its attorneys, Klein Law Group CRE, PLLC, as and for its Reply to Defendant, THE GAP, INC.'s ("Defendant"), Answer with Counterclaims dated May 27, 2020 ("Counterclaims"), alleges as follows:[1]

## NATURE OF THE CLAIMS[2]

1.  Paragraph 1 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegation that, "[t]he disease is highly contagious and its spread has been rapid," and denies the remaining allegations.

2.  Paragraph 2 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in paragraph 2 of the Counterclaims.

---

[1] The paragraph numbers references set forth herein correspond to the paragraph numbers contained in the Defendant's Counterclaims, beginning on page sixteen therein. No response is required to the allegations contained in Paragraphs One through Twenty-Eight of Defendant's Answer, located on pages one through fifteen therein, as they consist of Defendant's response and alleged affirmative defenses to the allegations contained in Plaintiff's Amended Complaint dated May 26, 2020 (the "Complaint"). To the extent a response is required to Paragraphs One through Twenty-Eight of Defendant's Answer, located on pages one through fifteen therein, and to the extent that that the aforementioned paragraphs contain any allegations of wrongdoing by Plaintiff; Plaintiff denies same in full.

[2] This Reply utilizes the headings set forth in the Counterclaims solely for the Court's ease of reference, and Plaintiff denies the allegations contained in the headings unless expressly admitted.

3. Paragraph 3 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 3 of the Counterclaims.

## PARTIES

4. Upon information and belief, admits the allegations set forth in Paragraph 4 of the Counterclaims.

5. Admits the allegations set forth in Paragraph 5 of the Counterclaims.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

7. Paragraph 7 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that venue of proper under 28 U.S.C. §1391(b)(2).

## FACTS

8. Admits the truth of the allegations set forth in Paragraph 8 of the Counterclaims, and further, refers the Court to the Agreement of Lease, made as of February 25, 1991, between 48th Americas Company, a predecessor-in-interest of Plaintiff and Defendant, and as subsequently and further amended (hereinafter, the "Lease"), as the best evidence of its terms and provisions.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Counterclaims, and further, refers the Court and parties to the Lease as the best evidence of its terms and provisions.

10. Denies the allegations contained in paragraph 10 of the Counterclaims, except admits that the allegations contained in Paragraph 10 selectively quote the Lease, and further, refers the Court and parties to the Lease as the best evidence of its terms and provisions.

11. Denies the allegations contained in paragraph 11 of the Counterclaims, except admits that the allegations contained in Paragraph 11 selectively quote the Lease, and further, refers the Court and parties to the Lease as the best evidence of its terms and provisions.

12. Denies the allegations contained in paragraph 12 of the Counterclaims, except admits that the allegations contained in Paragraph 12 selectively quote the Lease, and further, refers the Court and parties to the Lease as the best evidence of its terms and provisions.

13. Denies the allegations contained in paragraph 13 of the Counterclaims, except admits that the allegations contained in Paragraph 13 selectively quote the Lease, and further, refers the Court and parties to the Lease as the best evidence of its terms and provisions.

14. Denies the allegations contains in Paragraph 14 of the Counterclaims, and further, refers the Court and the parties to the Lease, for a complete and accurate statement of its contents.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Counterclaims.

16. Paragraph 16 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that on March 7, 2020, Executive Order 202 was issued, and further, refers the Court and the parties to Executive Order 202 as the best evidence of its terms and provisions.  All other allegations contained in Paragraph 16 of the Counterclaims, including all mischaracterizations of Executive Order 202, are denied.

17. Paragraph 17 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that on March 12,

2020, Executive Order 202.1 was issued, and further, refers the Court and the parties to Executive Order 202.1 as the best evidence of its terms and provisions. All other allegations contained in Paragraph 17 of the Counterclaims, including all mischaracterizations of Executive Order 202.1, are denied.

18. Paragraph 18 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that on March 12, 2020, Emergency Executive Order No. 98 was issued, and further, refers the Court and the parties to Emergency Executive Order No. 98 as the best evidence of its terms and provisions. All other allegations contained in Paragraph 18 of the Counterclaims, including all mischaracterizations of Emergency Executive Order No. 98, are denied.

19. Paragraph 19 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that on March 16, 2020, Emergency Executive Order No. 100 was issued, and further, refers the Court and the parties to Emergency Executive Order No. 100 as the best evidence of its terms and provisions. All other allegations contained in Paragraph 19 of the Counterclaims, including all mischaracterizations of Emergency Executive Order No. 100, are denied.

20. Paragraph 20 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that on March 18, 2020, Executive Order 202.6 was issued, and further, refers the Court and the parties to Executive Order 202.6 as the best evidence of its terms and provisions. All other allegations contained in Paragraph 20 of the Counterclaims, including all mischaracterizations of Executive Order 202.6, are denied.

21. Paragraph 21 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that on March 20,

2020, Executive Order 202.8 was issued, and further, refers the Court and the parties to Executive Order 202.8 as the best evidence of its terms and provisions. All other allegations contained in Paragraph 21 of the Counterclaims, including all mischaracterizations of Executive Order 202.8, are denied.

22. Paragraph 22 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that on March 20, 2020, Emergency Executive Order No. 102 was issued, and further, refers the Court and the parties to Emergency Executive Order No. 102 as the best evidence of its terms and provisions. All other allegations contained in Paragraph 22 of the Counterclaims, including all mischaracterizations of Emergency Executive Order No. 102, are denied.

23. Denies the allegations set forth in Paragraph 23 of the Counterclaims.

24. Denies the allegations set forth in Paragraph 24 of the Counterclaims.

25. Denies the allegations set forth in Paragraph 25 of the Counterclaims, except refers the Court and the parties to the Lease as the best evidence of its terms and provisions.

26. Denies the allegations set forth in Paragraph 26 of the Counterclaims.

27. Paragraph 27 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that the allegations contained in Paragraph 27 of the Counterclaims selectively quote the contents of the Lease, further refers the Court and the parties to the Lease as the best evidence of its terms and provisions, and denies the remaining allegations.

28. Paragraph 28 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 28 of the Counterclaims.

29. Paragraph 29 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that the allegations contained in Paragraph 29 of the Counterclaims selectively quote the contents of the Lease, further refers the Court and the parties to the Lease as the best evidence of its terms and provisions, and denies the remaining allegations.

30. Paragraph 30 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff states that the Lease speaks for itself, refers the Court and the parties to the Lease as the best evidence of its terms and provisions, and denies the remaining allegations.

31. Paragraph 31 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that it served Defendant with a Notice to Cure Defaults dated May 8, 2020, refers the Court and the parties to the Notice to Cure Defaults dated May 8, 2020, and to the Lease as the best evidence of their terms and provisions, and denies the remaining allegations.

## COUNT ONE
## DECLARATORY RELIEF
### (Termination of Lease)

32. In response to paragraph 32 of the Counterclaims, Plaintiff incorporates herein by this reference each and every response made to the allegations set forth in paragraphs 1 to 31 of the Counterclaims, as if the same were set forth in full hereat.

33. Paragraph 33 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff states that the Lease speaks for itself, refers the Court and the parties to the Lease as the best evidence of its terms and provisions, and denies the remaining allegations.

34. Denies the allegations set forth in Paragraph 34 of the Counterclaims.

35. Denies the allegations set forth in Paragraph 35 of the Counterclaims.

36. Paragraph 36 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

37. Paragraph 37 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

38. Paragraph 38 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 38 of the Counterclaims.

## COUNT TWO
## RECISSION
## (IN THE ALTERNATIVE)
## (Recission/Cancellation of Lease)

39. In response to paragraph 39 of the Counterclaims, Plaintiff incorporates herein by this reference each and every response made to the allegations set forth in paragraphs 1 to 38 of the Counterclaims, as if the same were set forth in full hereat.

40. Denies the allegations set forth in Paragraph 40 of the Counterclaims.

41. Denies the allegations set forth in Paragraph 41 of the Counterclaims.

42. Denies the allegations set forth in Paragraph 42 of the Counterclaims.

43. Denies the allegations set forth in Paragraph 43 of the Counterclaims.

44. Paragraph 44 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 44 of the Counterclaims.

## COUNT THREE
## BREACH OF CONTRACT

45. In response to paragraph 45 of the Counterclaims, Plaintiff incorporates herein by this reference each and every response made to the allegations set forth in paragraphs 1 to 44 of the Counterclaims, as if the same were set forth in full hereat.

46. With respect to the allegations contained in Paragraph 46 of the Counterclaims, admits that the Lease constitutes a binding contract, and denies the remaining allegations.

47. Denies the allegations set forth in Paragraph 47 of the Counterclaims.

48. Denies the allegations set forth in Paragraph 48 of the Counterclaims.

49. Denies the allegations set forth in Paragraph 49 of the Counterclaims.

## COUNT FOUR
## DECLARATORY RELIEF
### (No Rent Owed)

50. In response to paragraph 50 of the Counterclaims, Plaintiff incorporates herein by this reference each and every response made to the allegations set forth in paragraphs 1 to 49 of the Counterclaims, as if the same were set forth in full hereat.

51. Denies the allegations set forth in Paragraph 51 of the Counterclaims, except refers the Court and parties to the Lease as the best evidence of its terms and provisions.

52. Denies the allegations set forth in Paragraph 52 of the Counterclaims, except refers the Court and parties to the Lease as the best evidence of its terms and provisions.

53. Denies the allegations set forth in Paragraph 53 of the Counterclaims.

54. Paragraph 54 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, denies the allegations set forth in Paragraph 54 of the Counterclaims.

55. Paragraph 55 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, denies the allegations set forth in Paragraph 55 of the Counterclaims.

## COUNT FIVE
## (IN THE ALTERNATIVE)
## REFORMATION OF LEASE

56. In response to paragraph 56 of the Counterclaims, Plaintiff incorporates herein by this reference each and every response made to the allegations set forth in paragraphs 1 to 55 of the Counterclaims, as if the same were set forth in full hereat.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Counterclaims, states that the Lease speaks for itself, and further, refers the Court and parties to the Lease as the best evidence of its terms and provisions.

58. Denies the allegations set forth in Paragraph 58 of the Counterclaims.

59. Denies the allegations set forth in Paragraph 59 of the Counterclaims.

60. Denies the allegations set forth in Paragraph 60 of the Counterclaims.

61. Denies the allegations set forth in Paragraph 61 of the Counterclaims.

62. Paragraph 62 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, denies the allegations set forth in Paragraph 62 of the Counterclaims.

63. Paragraph 63 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, denies the allegations set forth in Paragraph 63 of the Counterclaims.

## COUNT SIX
## (IN THE ALTERNATIVE)
## MONEY HAD AND RECEIVED

64. In response to paragraph 64 of the Counterclaims, Plaintiff incorporates herein by this reference each and every response made to the allegations set forth in paragraphs 1 to 63 of the Counterclaims, as if the same were set forth in full hereat.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65.

66. Denies the allegations contained in Paragraph 66 of the Counterclaims.

67. Denies the allegations contained in Paragraph 67 of the Counterclaims.

68. Denies the allegations contained in Paragraph 68 of the Counterclaims.

69. Denies the allegations contained in Paragraph 69 of the Counterclaims.

70. Denies the allegations contained in Paragraph 70 of the Counterclaims.

71. Paragraph 71 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 71 of the Counterclaims.

72. Paragraph 72 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 72 of the Counterclaims.

## COUNT SEVEN
## UNJUST ENRICHMENT

73. In response to paragraph 74 of the Counterclaims, Plaintiff incorporates herein by this reference each and every response made to the allegations set forth in paragraphs 1 to 74 of the Counterclaims, as if the same were set forth in full hereat.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74, states that the Lease speaks for itself, and further, refers the Court and the parties to the Lease as the best evidence of its terms and provisions.

75. Paragraph 75 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 72 of the Counterclaims.

76. Denies the allegations contained in Paragraph 76 of the Counterclaims.

77. Denies the allegations contained in Paragraph 77 of the Counterclaims.

78. Denies the allegations contained in Paragraph 78 of the Counterclaims.

79. Denies the allegations contained in Paragraph 79 of the Counterclaims.

80. Paragraph 80 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 80 of the Counterclaims.

81. Paragraph 81 of the Counterclaims consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 81 of the Counterclaims.

## PRAYER FOR RELIEF

82. Plaintiff, 48th Americas, LLC, denies that the Defendant, The Gap, Inc., is entitled to any judgment or relief against it whatsoever, including the relief sought in "WHEREFORE CLAUSE," under the heading, "PRAYER FOR RELIEF," following Paragraph 81 of the Counterclaims, and further, denies the allegations set forth in paragraphs (a) through (i) of the WHEREFORE CLAUSE.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

83. Each of the claims for relief alleged in the Counterclaims, and the Counterclaims as a whole, fail to state a claim for relief against Plaintiff upon which relief may be granted.

84. Accordingly, the Counterclaims should be dismissed in its entirety.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

85. Defendant has suffered no damages. Therefore, the Counterclaims should be dismissed in their entirety.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

86. Defendant's claims are barred and precluded, in whole or in part, by their own actions and/or representations.

87. Defendant has failed to adhere to the terms and conditions set forth in the Lease.

88. Plaintiff has been injured by Defendant's actions and/or representations.

89. As a result of Defendant's inequitable actions, Defendant's Counterclaims are barred and precluded, in whole or in part, by the equitable doctrine of unclean hands.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

90. To the extent the Court finds that the Defendant is entitled to any recovery from Plaintiff, such amounts should be reduced and offset by the damages suffered by Plaintiff arising from the claims set forth in Plaintiff's Amended Complaint dated May 26, 2020.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

91. Defendant's Counterclaims are barred and precluded, in whole or in part, by the doctrine of waiver.

92. Defendant waived its rights to seek the relief sought in the Counterclaims by failing to promptly seek said relief after accepting the benefits of the Lease and/or by continuing to occupy the subject premises.

93. Accordingly, Defendant's Counterclaims are barred and precluded, in whole or in part, by the doctrine of waiver.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

94. Defendant's Counterclaims for Declaratory Relief, Recission, and Reformation of Lease are barred and precluded, in whole or in part, by the doctrine of laches.

95. Defendant failed to timely seek said declaratory and injunctive relief by failing to promptly seek said relief after accepting the benefits of the Lease.

96. Further, Defendant unreasonably delayed in filing its counterclaims to the Plaintiff's prejudice.

97. Accordingly, Defendant's Counterclaims are barred and precluded, in whole or in part, by the doctrine of laches.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

98. Defendant's Counterclaims are barred and precluded, in whole or in part, by the doctrine of estoppel.

99. Prior to the filing of the alleged Counterclaims, Defendant represented to the Plaintiff that it has intentions to close the subject premises due to reasons unrelated to those alleged in the Counterclaims including, but not limited to, a decrease in sales and revenue which preceded March 2020.

100. Accordingly, Defendant is estopped from enforcing any of the alleged rights, claims and obligations it seeks to enforce against Plaintiff.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

101. Defendant failed to comply with and perform its obligations pursuant to the terms and conditions of the Lease including, but not limited to, the failure to timely pay fixed rent and additional rent, which failure constitutes a prior breach of the terms and conditions of the Lease.

102.   Accordingly, Defendant's counterclaims should be dismissed.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

103.   The Counterclaims are barred and precluded, in whole or in part, upon the grounds that the Defendant has failed to comply with certain conditions precedent including, but not limited to, the failure to serve proper and timely notices upon the Plaintiff pursuant to the terms and conditions of the Lease.

104.   Accordingly, Defendant's Counterclaims should be dismissed.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

105.   Defendant's Counterclaims seeking Declaratory Relief, Reformation and Recission, are barred and precluded, in whole or in part, upon the grounds that they seek equitable relief, and Defendant may pursue an "adequate remedy at law."

106.   Accordingly, the Counterclaims should be dismissed.

**AS AND FOR AN  
ELEVENTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

107.   Defendant's Counterclaims for Unjust Enrichment and Money Had And Received are barred and precluded, in whole or in part, upon the grounds that they are duplicative of Defendant's alleged Counterclaim for Breach Of Contract.

108.   Accordingly, Defendant's Counterclaims should be dismissed.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS**

109.   Plaintiff reserves and does not waive any additional and further defenses to the Counterclaims as may be revealed throughout the duration of this action.

**WHEREFORE,** Plaintiff, 48th AMERICAS, LLC, demands judgment against Defendant, THE GAP, INC., as follows:

A. Dismissing the claims for relief set forth in the Counterclaims, and the Counterclaims in its entirety;

B. Granting to Plaintiff the relief requested in the Amended Complaint, dated May 26, 2020; and

C. Granting to Plaintiff such other and further relief as the Court deems just, proper, and equitable.

Dated: New York, New York
       June 17, 2020

                                       **KLEIN LAW GROUP CRE, PLLC**

                             By: /s/ Efrem Z. Fischer
                                Efrem Z. Fischer, Esq. (EZF-3860)
                                Attorneys for Plaintiff
                                275 Madison Avenue, 33rd Floor
                                New York, New York 10016
                                (212) 661-9400
                                Efrem@kleinlawgroupny.com